UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| RODNEY BEARDEN, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 20-01936 (ABJ) |
| COBB COUNTY GEORGIA, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM OPINION

On July 8, 2020, *pro se* plaintiff Rodney Bearden filed a complaint against Public Corporation of Cobb County Georgia and Municipality of Georgia, "A Non Recognized State." Compl. [Dkt. # 1]. Plaintiff seeks $9,500,000 in actual and punitive damages as well as a "Seal Order issue of all records as well as concerning all Records NCIC, GCIC, Arrest Records, as well as being deleted from all internet and ULR Public Records concerning Cobb County Superior Court Case Number 08-9-3518." Compl. at 2. But the complaint does not allege any claims against the defendants. *See generally* Compl.

Federal courts are courts of limited jurisdiction and the law presumes that "a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also Gen. Motors Corp. v. EPA*, 363 F.3d 442, 448 (D.C. Cir. 2004) ("As a court of limited jurisdiction, we begin, and end, with an examination of our jurisdiction."). Subject matter jurisdiction may not be waived, and "courts may raise the issue *sua sponte*." *NetworkIP, LLC v. FCC*, 548 F.3d 116, 120 (D.C. Cir. 2008), quoting *Athens Cmty. Hosp., Inc. v. Schweiker*, 686 F.2d 989, 992 (D.C. Cir. 1982). Indeed, a federal court must raise the issue because it is "forbidden . . . from acting beyond [its] authority, and 'no action of the parties can confer

subject-matter jurisdiction upon a federal court.'"  *Id.*, quoting *Akinseye v. Dist. of Columbia*, 339 F.3d 970, 971 (D.C. Cir. 2003).

The Court generally derives its subject matter jurisdiction from two federal laws, 28 U.S.C. §§ 1331 and 1332.  "Section 1331 provides for '[f]ederal-question' jurisdiction, § 1332 for '[d]iversity of citizenship' jurisdiction."  *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006).  "A plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim 'arising under' the Constitution or laws of the United States.  He invokes § 1332 jurisdiction when he presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000."  *Id.* (internal citations omitted).

Although the Court is mindful that complaints filed by *pro se* litigants must be held to less stringent standards than those applied to formal pleadings drafted by lawyers, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Brown v. District of Columbia*, 514 F.3d 1279, 1283 (D.C. Cir. 2008), plaintiff's complaint fails to allege facts to support either diversity of citizenship jurisdiction or federal question jurisdiction.

The complaint is brought against two Georgia governmental entities and it appears that plaintiff is a resident of Ball Ground, Georgia.  *See* Compl. at 2.  So complete diversity is lacking.  Furthermore, although the complaint contains the words "this case involves serious violations of the 5th, 14th . . . as well as article VI clause 2 Amendments of the United States Constitution as well as final United States Supreme Court Decisions," Compl. at 1, it fails to articulate a claim arising under the laws of the United States or the Constitution.  As a result, the Court may not exercise federal question jurisdiction over the case.  Plaintiff has attached to the complaint two Decrees of Forfeiture issued in 2007 in the United States District Court for the Northern District of Florida against a Bank of America account number.  *See* Compl. at 3–6.  But the complaint does

not contain any information connecting those documents to the defendants or explain how they may relate to any federal claim. To the extent that plaintiff is trying to challenge criminal proceedings that occurred in state court in Georgia, or orders issued by a federal court in Florida, this Court has no jurisdiction to get involved.

      Therefore, because there is no apparent basis for subject matter jurisdiction on the face of the complaint, the Court will dismiss this case *sua sponte* pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction. A separate order will issue.

AMY BERMAN JACKSON
United States District Judge

DATE: July 23, 2020